a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **MICHAEL SHULARK #129821,** Petitioner | **CIVIL DOCKET NO. 1:22-CV-06095 SEC P** |
| **VERSUS** | **JUDGE EDWARDS** |
| **JERRY GOODWIN,** Respondent | **MAGISTRATE JUDGE PEREZ-MONTES** |

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss (ECF No. 19) the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1) filed by pro se Petitioner Michael Shulark ("Shulark"). The State seeks dismissal of the Petition as moot because Shulark has been released from incarceration.

The Petition is not moot however; and so the Motion to Dismiss should be DENIED on that basis. However, the Petition should be dismissed under the Court's Local Rules for failure to prosecute.

### I. Background

On March 2, 1990, Shulark pleaded guilty to second-degree murder and was sentenced to life imprisonment. ECF No. 1-9 at 20. After 30 years of obstacles and delays, Shulark's appeal and post-conviction motions were finally denied in 2021. ECF No. 9.

Shulark's § 2254 Petition was served on the State of Louisiana. ECF Nos. 9-12. In seeking dismissal, the State submitted an Executive Order of Clemency,

commuting Shulark's sentence from life imprisonment to a term of 70 years. ECF No. 19 at 5. Shortly after the Order was executed, the Louisiana Department of Corrections determined that Shulark was entitled to release by diminution of sentence under La. R.S. 15:571.5. *Id.* at 6. On November 18, 2023, Shulark was released from custody as if on parole, subject to various conditions. *Id.* at 3.

## II. Law and Analysis

The State seeks dismissal of the Petition as moot because Shulark has been released from custody. However, federal courts have consistently held that the conditions of parole and probation sufficiently restrain an individual's liberty to satisfy the custodial requirement for habeas relief. *See Jones v. Cunningham*, 371 U.S. 236, 243 (1963); *Square v. Deville*, 501 F. Supp.3d 369, 373 (M.D. La. 2020); *Mitchell v. Davis*, 3:19-CV-1317, 2019 WL 4418280, at *2 (N.D. Tex. 2019), *report and recommendation adopted*, 2019 WL 4413285. Shulark was released as if on parole pursuant to La. R.S. 15:571.5[1], and the conditions of his release do not expire until March 12, 2059. ECF No. 19 at 6. Therefore, Shulark meets the custodial requirement of § 2254 despite his physical release from prison. As such, Shulark's Petition is not moot.

---

[1] Before the enactment of La. R.S. 15:571.5 (effective July 1, 1982), early release for diminution of sentence resulted in complete satisfaction of the sentence and full discharge from the custody and supervision of the state. *See State v. Anderson*, 349 So.2d 311, 313 (La. 1977); *see also* 1964 La. Acts 426. After the enactment, however, an inmate released for diminution of sentence remains under state supervision "as if released on parole" for the balance of his unexpired term of imprisonment. La. R.S. 15:571.5(B)(2); *Square,* 501 F.Supp. 3d at 369.

Nevertheless, Shulark's Petition should be dismissed under the Court's Local Rules. Specifically, Local Rule 41.3 provides:

> The failure of an attorney or pro se litigant to promptly notify the court in writing of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days.

Local Rule 41.3 (W.D. La.). Recent correspondence to Shulark was returned to the Clerk as undeliverable. ECF Nos. 17, 21, 23, 24. More than 30 days have passed, and Shulark has failed to update his address with the Court.

### III. Conclusion

Because Shulark's Petition is not moot, but he has failed to update his address, IT IS RECOMMENDED that the Motion to Dismiss (ECF No. 19) be DENIED, and the Petition (ECF No. 1) be DISMISSED in accordance with Local Rule 41.3.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and

Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, March 27, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE